# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| SILENT MAJORITY FOUNDATION, a Washington non-profit corporation, | No. 58028-4-II |
| Appellant, | |
| v. | |
| JAY INSLEE, in his capacity as the Governor of the State of Washington, | UNPUBLISHED OPINION |
| Respondent. | |

PRICE, J. — The Silent Majority Foundation (Silent Majority) appeals the superior court's dismissal of its complaint challenging two of Governor Jay Inslee's emergency proclamations related to the COVID-19 pandemic.  Because all emergency orders related to COVID-19 have been rescinded, Silent Majority's case is moot.  Accordingly, we dismiss this appeal.

## FACTS

On May 10, 2022, Silent Majority filed a complaint against Inslee seeking declaratory and injunctive relief from two of Inslee's statewide emergency proclamations during the COVID-19 pandemic.  Silent Majority sought a declaratory judgment declaring that the challenged proclamations were null and void.  Silent Majority also sought an injunction to prevent Inslee from implementing any of the challenged proclamations.

On September 2, 2022, Inslee filed a motion for judgment on the pleadings.  After a hearing on the motion, the superior court made the following ruling:

The central issue here is whether the governor must find a state of emergency and terminate that state of emergency based upon information on a county-by-county basis. A key determination here is what is meant by the phrase "affected areas." The court agrees as a matter of law that the governor must identify a state of emergency by specifically identifying the areas affected and that the governor must terminate once order has been restored to the identified areas affected.

The court has considered the pleadings in the case and the documents referenced in the complaint. The court has not found in its research any additional authorities to assist the court in the questions before it. I believe that the parties have very well briefed these issues.

Based upon this record and the authorities cited by the parties, the court concludes that the phrase "for all counties" is identifying the affected area. The court finds no legal requirement to identify the affected area by county. In addition, the court finds that the particular emergency here presents an adequate record supporting the authority for the governor's action and inaction challenged here.

While a fire or flood may affect a particular area of the State, which may be one or more counties or some other area, those events may impact other areas as well. An example that I have come up with that doesn't apply to this case is a flood in Lewis County that causes an extended closure of Interstate 5. That may have severe impacts in other parts of the state, even though beyond the flooded area. Here, the issue surrounds an airborne virus that may have impacts across county lines.

Because the legal question presented here answers the issues presented in this particular motion as to the governor's authority to issue the challenged proclamations and to terminate the proclamations once order is restored, the motion is granted.

Verbatim Rep. of Proc. at 23-25. The superior court granted Inslee's motion for judgment on the pleading. The superior court's written order fully incorporated its oral ruling.

On October 31, 2022, the governor terminated the state of emergency and all emergency orders related to the COVID-19 pandemic. Proclamation by Governor Jay Inslee No. 20-25.20 (Wash. Oct. 28, 2022), https://governor.wa.gov/sites/default/files/proclamations/20-25.20%20-%20COVID-19%20Washington%20Ready_Rescission_%28tmp%29.pdf.

Within days, on November 4, Silent Majority appealed the superior court's order to this court.

ANALYSIS

Silent Majority argues that the governor's proclamations failed to comply with the statutes governing exercise of emergency powers. Inslee argues that this appeal is moot because the orders that are being challenged have been rescinded and the state of emergency has ended. We agree that this appeal is moot.

We will dismiss an appeal if it is moot. RAP 18.9(c). We review whether an appeal is moot de novo. *Ctr. for Bio. Diversity v. Dep't of Fish & Wildlife*, 14 Wn. App. 2d 945, 985, 474 P.3d 1107 (2020). An appeal is moot if "the matter is 'purely academic' such that the court cannot provide effective relief." *Id*. (internal quotation marks omitted) (quoting *City of Sequim v. Malkasian*, 157 Wn.2d 251, 258, 138 P.3d 943 (2006)).

However, we may exercise our discretion and decide an otherwise moot appeal when the appeal involves matters of continuing and substantial public interest. *Id*. We consider three factors to determine whether to exercise our discretion and decide a moot appeal: " '(1) whether the issue is of a public or private nature; (2) whether an authoritative determination is desirable to provide future guidance to public officers; and (3) whether the issue is likely to recur.' " *Id*. at 986 (quoting *Hart v. Dep't of Soc. & Health Servs.*, 111 Wn.2d 445, 448, 759 P.2d 1206 (1988)). We only apply the substantial public interest exception when " 'the real merits of the controversy are unsettled and a continuing question of great public importance exists.' " *Id*. (quoting *Sorenson v. City of Bellingham*, 80 Wn.2d 547, 558, 496 P.2d 512 (1972)).

The emergency proclamations being challenged by Silent Majority have been rescinded and the state of emergency related to the COVID-19 pandemic has ended. A declaratory judgment about previously terminated orders would not provide any effective relief. An injunction preventing the State from implementing proclamations that have been terminated does not provide effective relief either. Therefore, this appeal is moot.

Further, considering the factors regarding the substantial public interest exception, we decline to exercise our discretion to decide this otherwise moot appeal. The issues raised regarding the emergency proclamations are of a public nature. However, an authoritative determination is not likely to provide future guidance to public officers. Even if, as Silent Majority argues, there are limited on-point authorities addressing the governor's emergency powers, the challenges Silent Majority makes to these proclamations are so reliant on specific factual allegations regarding the orders and the conditions of the COVID-19 pandemic at a specific period of time, any decision would provide limited future guidance and authority. Finally, the COVID-19 pandemic was a unique circumstance that is unlikely to recur.[1]

Because the state of emergency regarding the COVID-19 pandemic has ended, there is no continuing question of great public interest present in this case. Therefore, we decline to exercise our discretion and decide a moot case. Accordingly, we dismiss this appeal.

---

[1] Silent majority also raises issues related to alleged improper judicial fact finding and improper application of the standard for CR 12(c) motions on the pleadings. Silent Majority does not specifically argue that these issues meet the substantial public interest exception to mootness. Further, there is ample authority and guidance for trial court's deciding CR 12 motions and, therefore, review of issues related to the CR 12(c) standard would not be warranted.

No. 58028-4-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

CRUSER, A.C.J.

VELJACIC, J.